FILED
AUG 27 2018
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MID CONTINENT CASUALTY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ALAN ENGELKE, DRY PRAIRIE RURAL WATER AUTHORITY, and DOES 1-10,<br><br>Defendants. | CV 17-41-BLG-SPW<br><br>ORDER |

Defendant Alan Engelke has moved under Federal Rule of Civil Procedure 60(a) for this Court to Clarify its Opinion and Order issued June 27, 2018. (Doc. 81). Specifically, Engelke notes that the Court made findings on Mid-Continent's negligence under Montana's Dig Law, but did not specifically state that Mid-Continent was negligent for violating Montana Code Annotated § 69-4-502(2)(a). (Doc. 82 at 5). Mid-Continent objects that Rule 60(a) cannot provide the relief Engelke seeks and thus his motion should be denied. (Doc. 84).

1

I.  Discussion

   A.  **Engelke's motion is properly construed as a Rule 59(e) motion to alter or amend judgment because it asks the Court to reconsider aspects of its decision.**

Mid-Continent opposes Engelke's motion and argues that the Court may only clarify rulings in its original judgment under Federal Rule of Civil Procedure 60(a), whereas Engelke is asking the Court to add a ruling; that is, whether Mid-Continent's subrogors were negligent under § 69-4-502(2)(a). (Doc. 84 at 4). Mid-Continent points out that Rule 60(a) only allows "for clarification and explanation consistent with the intent of the original judgment . . . ," it does not allow a correction that reflects a new and subsequent intent of the court. (*Id.*). The Court agrees. However, the analysis does not end there.

Rule 59(e) provides a mechanism by which a trial judge may alter, amend, or vacate a judgment. *See Foman v. Davis*, 371 U.S. 178 (1962). Under Rule 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (en banc) (per curiam) (internal quotation marks omitted). "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new

2

evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (citation and quotation marks omitted). A litigant may not use Rule 59(e) "to relitigate old matters, or to raise arguments ... that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008). But, relief is warranted "when there were facts or legal issues properly presented but overlooked by the court in its decision." *Berge v. United States*, 949 F. Supp.

Rule 59(e) encompasses a wide variety of post-judgment motions and prayers for relief. 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2810.1 at 152 (2012). This is because a Rule 59(e) motion's substance, rather than its form, controls. *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) (Rule 59's language 'alter or amend' means a substantive as opposed to a merely clerical change of mind by the court) (internal brackets omitted).

Rule 59(e) stands in contrast to a Rule 60(a) motion that requests the correction of a clerical error, one that is purely procedural, or one that requests relief that is "wholly collateral" to the judgment. *White*, 455 U.S. at 451 (1982). Any motion that requests substantive relief related to the subject matter of the judgment is a Rule 59(e) motion. *Id.* Accordingly, a post-judgment motion that "involves reconsideration of matters properly encompassed in a decision on the

3

merits," is properly considered a Rule 59(e) motion. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (internal quotations omitted); *see Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1249 (9th Cir. 1982) ("Rule 59(e) provides an efficient mechanism by which a trial court judge can correct an otherwise erroneous judgment without implicating the appellate process); *see also Berge v. United States,* 949 F.Supp. 2d 36, 41 (D.D.C. 2013) (a motion that asks the court to consider previously-raised but overlooked legal arguments is a Rule 59(e) motion).

That is the case here. Engelke more or less argues that the Court failed to address whether Mid-Continent was negligent for violating § 69-4-502(2)(a), MCA. It is undisputed that Engelke raised the argument in his summary judgment motion. (*See* Doc. 42 at 5) (". . . [Mid-Continent through its subrogors] breached its duty pursuant to § 69-4-502(2)(a), MCA to be a member of the one-call notification center.") And as Mid-Continent noted in its response, the Court did not in fact address whether Mid-Continent, through its subrogors, was negligent as a result of violating the statute. (Doc. 84 at 4).

By pointing out that the Court did not rule on the issue, and requesting it do so, Engelke has asked the Court to reconsider a legal issue that it overlooked, and in essence "reconsider[] . . . matters properly encompassed in a decision on the merits[,]" *Osterneck*, 489 U.S. at 174, which is the essence of a Rule 59(e) motion.

4

Accordingly, the Court will construe it as such. *See Munden v. Ultra Alaska Associates,* 849 F.2d 383, 387 (9th Cir. 1988); 9 J. Moore, Moore's Federal Practice ¶ 204.12[1] (1985) ("Any motion that draws into question the correctness of the judgment is functionally a motion under Civil Rule 59(e), whatever its label.").

## III. Conclusion

For the foregoing reasons, the Court construes Engelke's Rule 60(a) motion for clarification (Doc. 81) as a Rule 59(e) motion to alter, amend or vacate the order. The Court GRANTS Engelke's motion and VACATES its June 27, 2018, Order (Doc. 78). The Court will issue a new order on the parties' summary judgment motions consistent with this order.

DATED this 27th day of August 2018.

SUSAN P. WATTERS
United States District Judge