Todd A. Stubbs
STUBBS LAW, P.C.
102 West Main Street, Ste. B
P.O. Box 169
Manhattan, MT 59741
Phone: 406.282.0515
Fax: 406.284.4042
Email: law@stubbslawpc.com
*Attorney for Plaintiff*

Calvin J. Stacey
STACEY & FUNYAK
100 North 27th Street
P.O. Box 1139
Billings, MT 59103-1139
Phone: 406.259.4545
Fax: 406.259.4540
Email: cstacey@staceyfunyak.com
*Attorneys for Defendant*

**FILED**

NOV 13 2018

Clerk, US District Court
District of Montana - Billings

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| MID CONTINENT CASUALTY COMPANY, | ) Case No. CV 17-41-BLG-SPW |
| Plaintiff, | ) |
| v. | ) **FINAL PRETRIAL ORDER** |
| ALAN ENGELKE and DOES 1-10, | ) |
| Defendant. | ) |

Pursuant to Fed. R. Civ. 16 and L.R. 16.4, the parties submit this Final

Pretrial Order to govern the course of trial.

## I.  NATURE OF ACTION

### A.  Plaintiff's Contentions:

This action arises out of Defendant, Alan Engelke ("Engelke") striking, breaking and then burying an underground salt water disposal pipe line ("Line") in and about October, 2013.  After striking and breaking the Line, Engelke failed to contact the owner of line, Avery Bakken ("Avery") or the One Call Notification Center ("Center"), as required under Montana statutory law relative to his striking and breaking the Line.  At the time Engelke struck and broke the Line, it was out of service undergoing repairs.  Avery eventually placed the Line back in service in May, 2014, running salt water through its Line.  Salt water running through the Line found its way to the area where Engelke struck and broke the Line resulting in a significant amount of salt water releasing from the break in the Line and into the environment.

Avery took affirmative steps to clean up the release in which it incurred considerable expense in doing so.  Avery made a claim on his insurance policy issued by Plaintiff, Mid Continent Casualty Company ("Mid-Continent").  Mid-Continent covered and paid out for the costs, expenses and damages arising out the saltwater release.  Mid Continent has made Avery whole.  Mid Continent now makes a claim of subrogation against the named defendant seeking to be paid for all costs, expenses and damages it paid arising out of the cleanup of the release.

2013 version of Section 69-4-503(6), MCA states in relevant part:

> (6) . . .If an excavator discovers an underground facility that has not been located and marked, the excavator shall stop excavating in the vicinity of the facility and notify the facility owner or the one-call notification center.

The 2013 version of Section 69-4-505(4), MCA states:

> (4) The act of obtaining information as required by this part does not excuse an excavator making any excavation from doing so in a careful and prudent manner, nor does it excuse the excavator from liability for any damage or injury resulting from the excavator's negligence.

Dry Prairie contracted with Engelke to excavate/dig a trench on real property owned by Joe Picard. Prior to the excavation work being started, Dry Prairie marked the path that Engelke was to perform his digging. While Engelke was performing his excavation along the path established by Dry Prairie, he struck the Line and damaged it. After striking the Line, Engelke failed to contact Avery or the Center for purposes of reporting his striking and damaging the Line. Instead, Engelke simply buried the Line and continued on with his digging. Mid Continent contends that Engelke was negligent in not contacting the owner of the Line or the Center and such negligence caused the release of saltwater into the environment. Mid Continent further contends that any negligence in Avery failing to be registered with the Center is cutoff by Engelke's negligence and Engelke's negligence is the superseding intervening cause of the Release and the costs and expenses Mid-Continent incurred in cleaning up the Release.

**B.**     **Defendant Engelke's Contentions:**

This is negligence claim brought by Mid Continent Casualty

Company (Mid Continent) against Alan Engelke (Engelke) arising out of

excavation work performed by Engelke on behalf of Dry Prairie Rural Water

Authority (Dry Prairie), the operator of a water business in northeast

Montana, to extend its water lines to provide new services to property owned

by Joe Picard (Picard).  Engelke, before performing the excavation/trenching

work, visually inspected the ground upon which the work was going to be

performed, spoke with Picard who told him that any pipelines that he would

be probably abandoned and finally, did what was required of him by

Montana's Dig Law and that was to contact the one-call notification center,

before excavation, to obtain information concerning the possible location of

underground facilities (pipes) from every underground facility owner

required to be a member of the one-call notification center.  As a result,

Engelke received a one-call ticket identifying underground facility owners in

the area of where his work was going to be performed so that he could

comply with any and all duties to contact them concerning the proposed

excavation.

Engelke, while performing the excavation work, struck and damaged

a pipe that was obviously and clearly not in use.  The pipe was one of many

pipes that had been abandoned on or near the property at issue and which

Picard had previously referred to.  Engelke contacted Picard who told him

that the pipe, clearly not in use, was abandoned and further explained that

another contractor, Franz Construction, had previously dug over 100 holes in

the same area and had also damaged abandoned pipe.  Picard, the property

owner who had been advised by Engelke of the situation, told Engelke that if

it was him, he would not fix the pipe but instead cover it up and continue

with the excavation work since he was unaware of any active line being in

the area where Engelke was performing his work.

There is no dispute that the pipe in question was a saltwater disposal

line running from the Anvil Well, some significant distance away, owned at

that time by Windy Butte Disposal Facility, LLC (Windy Butte).  Contrary

to the mandatory requirements of §69-4-502(2)(a), MCA, Windy Butte was

not a member of the one-call notification center.  After the work was

performed by Engelke, Windy Butte was purchased by Jeff Avery (Avery)

in November of 2013 who immediately transferred his interest to Avery

Bakken Disposals LLC (Avery Bakken).  Avery was an owner of Windy

Butte and also Avery Bakken.  As a consequence, Avery was and is an agent

of Windy Butte and Avery Bakken.  Pursuant to the Stipulation of the parties

(Doc. 40), Avery Bakken and Windy Butte are one and the same entity for

all purposes and that the acts, omissions or liabilities of Windy Butte are the

acts, omissions or liabilities of Avery Bakken.  Consequently, the acts or

omissions of Avery Bakken, the insured of Mid Continent, as well as Windy

Butte, are also the acts or omissions of Mid Continent.  Mid Continent is

negligent as a matter of law for the acts and omissions of Avery Bakken and

Windy Butte.

Mid Continent's negligence in failing to register with the one-call

notification center is the sole cause of Mid Continent's alleged damages.

Engelke acted, under the circumstances of this case, in a careful and prudent

manner.  Engelke had not been provided the identity of the owner of the

saltwater disposal line since Mid Continent had failed, as required by law, to

register with the one-call notification center and Engelke acted in a careful

and prudent manner in not only conducting the excavation work but upon

striking the pipe conducting further investigation by confirming with the

property owner, the person most knowledgeable concerning the lines under

his property, as to the status of the pipe.  The pipe was clearly not in use and

there was no indication that it would be placed in use but appeared to be

consistent with other pipes in the area that had also been abandoned.  Had

Engelke contacted the one-call notification center, their records would not

have revealed the owner of this pipe since the owner, Mid Continent, had

failed to register with the one-call notification center.  The sole or majority

cause of the damages claimed by Mid Continent is as a result of Mid

Continent's negligence thus barring Mid Continent from any recovery

against Engelke in this matter.

## II.    JURISDICTION AND VENUE

The Court has jurisdiction over the Plaintiff's claims against Engelke.  Mid

Continent is organized under the law of a state other than Montana.  Therefore, the

Court has diversity jurisdiction over this action pursuant to 28 U.S.C. S 1332 and

venue is proper because the Defendant reside in the Montana Federal District

Court, Billings Division, where this action is filed.  The amount in controversy will

exceed $75,000 exclusive of interest and costs.

## III.    JURY TRIAL

This action shall be tried before a six person jury, with one alternate.

## IV.    AGREED FACTS

The following facts are agreed upon and require no proof:

A.  Plaintiff Mid Continent Casualty Company ("Mid Continent") is a

registered insurance company with its principal place of business in a

state other than Montana.

B.  Defendant Alan Engelke ("Engelke") is a resident of Roosevelt

County, Montana.

C.  Avery Bakken Disposals, LLC ("Avery Bakken") is a saltwater disposal company who services oil field operations.

D.  Avery Bakken was insured with a liability policy issued by Mid Continent.

E.  Mid Continent's claims against Engelke is based upon Mid Continent's right to make this claim of subrogation for monies it paid on behalf of its insured Avery Bakken.

F.  The saltwater disposal line in this litigation was located on real property owned by Joe Picard.  Dry Prairie Rural Water Authority (Dry Prairie) had contracted with Joe Picard to install an underground water line on Mr. Picard's property.  Dry Prairie contracted with Engelke to perform excavation work on Mr. Picard's property.

G.  At the time the saltwater disposal line in this litigation was hit and damaged, it was owned by Windy Butte Disposal Facility, LLC ("Windy Butte").

H.  Avery Bakken owned the saltwater disposal line involved in this litigation at the time the break in the line was discovered.

I.  Avery Bakken and Windy Butte are one and the same entity for all purposes in this litigation and as such, the alleged acts, omissions or

liabilities of Windy Butte or Avery Bakken are the alleged acts, omissions or liabilities of Windy Butte and Avery Bakken.

J. Mid Continent, as the subrogor to Avery Bakken, its insured, is responsible for the alleged acts, omissions or liabilities of Windy Butte and Avery Bakken.

K. The Court has determined that Mid Continent was negligent in failing to register with the one-call notification center prior to Engelke commencing his excavation operations.

L. The Court has determined that Engelke was negligent for failing to stop his excavation operations and contact the owner of the saltwater disposal line or contact the one-call notification center after he struck and damaged the saltwater disposal line.

M. Montana law applies to this action.

## V.    PLAINTIFF'S CLAIMS AGAINST DEFENDANTS: ELEMENTS OF LIABILITY

A.   Mid Continent brings claims of negligence against Engelke.  The elements to prove negligence is (1) duty; (2) breach; (3) causation; and (4) damages.

**Duty:**   The Line was owned by Avery Bakken ("Avery"), a salt water disposal company who services oil field operations. The Line

was located on Joe Picard's real property.  Dry Prairie

contracted with Joe Pickard to install an underground water line

on Mr. Pickard's property.  Dry Prairie contracted with Engelke

to perform excavation on Mr. Pickard's property in the form of

digging a trench on the property.

2013 version of Section 69-4-503(6), MCA states in relevant part:

> (6) . . .If an excavator discovers an underground facility that has not been located and marked, the excavator shall stop excavating in the vicinity of the facility and notify the facility owner or the one-call notification center.

The 2013 version of Section 69-4-505(4), MCA states:

> (4) The act of obtaining information as required by this part does not excuse an excavator making any excavation from doing so in a careful and prudent manner, nor does it excuse the excavator from liability for any damage or injury resulting from the excavator's negligence.

While Engelke was performing his excavation, he struck and broke the Line.

After striking the Line, Engelke had a duty under Section 69-4-503(6), MCA to

contact Avery or the Center to report that he struck and broke the Line.

**Breach:**  Engelke breached his duty under Section 69-4-503, MCA to

contact Avery or the Center for purposes of informing either

that he struck and broke the Line.  Engelke simply buried the

broken line and recommenced his excavation operations

without informing Avery or the Center that he broke the Line.

\\

**Causation/Damage:**

> Engelke failing to contact the Center or Avery for
> purposes of informing either that he broke the Line led
> to the salt water release that occurred months later when
> the Line was placed back in service.  Had Engelke
> contacted the Center or Avery, the Line would have been
> repaired prior to the introduction of saltwater into the
> Line in May, 2014.  Had the Line been repaired, the
> costs, expenses and damages associated with the cleanup
> would not have occurred.

> Any negligence in Avery failing to be registered with the
> Center is cutoff by Engelke's negligence and Engelke's
> negligence is the superseding intervening cause of the Release
> and the costs and expenses Mid-Continent incurred in cleaning
> up the Release.

Engelke's negligence caused damages to Avery Bakken and in turn to Mid
Continent that paid for the damages to be proven at the time of trial.

## VI.   DEFENDANT'S DEFENSES:  ELEMENTS OF DEFENSES

Windy Butte and Avery Bakken acted negligently when failing to comply
with the mandatory requirements of §69-4-502(2)(a), MCA by not being members

of the one-call notification center. Mid Continent is liable for the acts, omissions and liabilities of Windy Butte and Avery Bakken. Therefore, Mid Continent has acted negligently as a result of its violation of §69-4-502(2)(a), MCA.

Mid Continent's negligence was the sole or primary cause of Mid Continent's alleged damages. Engelke, prior to conducting the excavation work, complied with Montana's Dig Law by contacting the one-call notification center and obtaining a one-call ticket pursuant to §69-4-502(1)(a), MCA. The one-call ticket was dated September 29, 2013 and identified the owners of the underground facilities in the area of where Engelke's excavation work was to be performed. Engelke relied on the one-call notification ticket. In addition, Engelke confirmed with the property owner that any lines discovered during the excavation process were not active lines and had been abandoned. After striking the line, Engelke further inquired of the property owner Picard who clearly stated that the line was abandoned. The line was not in use and appeared to be abandoned. Had Engelke contacted the one-call notification center at that time, no new information would have been supplied to him as Mid Continent was not a member of the one-call notification center. Engelke acted as a careful prudent excavator would have acted under the same circumstances. There was no indication that this line was owned by Mid Continent or its subrogors. Furthermore, there was no indication that the line was anything other than an abandoned line consistent with other abandoned

lines in the same area. Engelke did not act negligently and any negligence determined by the Court was not a cause of any damages claimed by Mid Continent. Any damages claimed by Mid Continent were caused as a result of Mid Continent's negligence.

The negligence law and comparative negligence law of the State of Montana applies to this case. As a result, the negligence of Mid Continent bars Mid Continent from any recovery in this matter.

## VII.  PLAINTIFF'S RELIEF SOUGHT

The relief sought against Engelke is for all damages, costs and expenses relative in any form to the clean up of the release caused by Engelke's negligence. Computation of damages total $148,715.80 broken down with reference to Plaintiff's Will Offer Exhibits as follows:

(1) Payment To Eklipse: $122,903.00 [Exhibit 25: P-066];

(2) Payment to Insured for out of pocket expenses (Insured payment for damages to third party and insured's deductible): $10,956 [Exhibit 26: P-067];

(3) Payment to Insured for out of pocket expenses (Insured payment for damage to third party and attorney fees incurred by Insured): $9,537.00 (minus cost to repair line: paid but not claimed) [Exhibit 33: P-074]; and

(4)     Payment to Custard Insurance and Fox Hollow for clean up oversight and adjustment: $5,219 [Exhibit 27: P-068; Exhibit 28: P-069: Exhibit 29: P-070, 30: Exhibit 30: P-071; Exhibit 31: P-072 and Exhibit 32: P-073].

## VIII.  LEGAL ISSUES

None to be decided at trial.

## IX.   DISMISSALS

Former defendants State Farm Fire and Casualty Company and Dry Prairie Rural Water Authority have been dismissed by way of their motions for summary judgment.

## X.    DISCOVERY DOCUMENTS

None.

## XI.   WITNESSES

Attached to this pretrial order are the following separate witness lists of the parties:

### A.     Plaintiff's Inclusive Witness List:

Plaintiffs' Inclusive Witness List is attached hereto.

### B.     Engelke's Inclusive Witness List:

Engelke's Inclusive Witness List is attached hereto.

## XII.  EXHIBITS

Attached to this order are the exhibit lists of the parties.  Objections not showing on the exhibit lists, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless good cause is shown.

## XIII.  ESTIMATE OF TRIAL TIME

Not including *voir dire*, opening statements and closing statements, the parties estimate that Mid Continent will require two days of trial to complete its case in chief.  Engelke estimates, assuming that most witnesses have been called in Mid Continent's case in chief that he will require one half of a day to trial to complete his case in chief.

## XIV.  SUPERSESSION

This Order supersedes the pleadings in this matter.

**DATED** this ___13th___ day of ___November___ 2018.

*Susan P. Watters*

SUSAN P. WATTERS
United States District Judge

\\

\\

\\

\\

Approved as to form and content:


STUBBS LAW, P.C.

*/s/ Todd A. Stubbs*
TODD A. STUBBS
*Attorney for Plaintiff Mid Continent*


STACEY & FUNYAK

*/s/ Calvin J. Stacey*
Calvin J. Stacey
*Attorney for Defendant Engelke*

**MID CONTINENT CASUALTY COMPANY'S WITNESS LIST/ INCLUSIVE**

*Mid Continent Casualty Co., v. Alan Engelke, et al.*
CV-17-41-BLG-SPW
Honorable Susan P. Watters
Plaintiff's Attorney: Todd A. Stubbs
Defendant's Attorney: Engelke: Calvin Stacey

| Name | Manner of Presentation | Expert ? Y/N | Date of Report/ Deposition | Deposition Designation | Will Call | May Call | Objections |
|------|------------------------|--------------|----------------------------|------------------------|-----------|----------|------------|
| Jeff Avery c/o Todd A. Stubbs P.O. Box 169 Manhattan, MT 59741 (406)282.0515 | In person or Videotaped Deposition Testimony | N | February 16, 2018 | Total Deposition, excluding excerpts: 46:15-47:7. (Obj. 402-403) | X | | |
| George Chahalis c/o Todd A. Stubbs P.O. Box 169 Manhattan, MT 59741 (406)282.0515 | In person | N | | | X | | |
| Alan Engelke | In person or Videotaped Deposition Testimony | N | February 16, 2018 | Deposition Excerpt1-37:19 | X | | |
| Joseph Picard 4944 Rd. 1006 Bainville, MT 59212 | Videotaped Deposition Testimony | N | February 16, 2018 | Total Deposition | | X | |

## MID CONTINENT CASUALTY COMPANY'S WITNESS LIST/ INCLUSIVE

*Mid Continent Casualty Co., v. Alan Engelke, et al.*
CV-17-41-BLG-SPW
Honorable Susan P. Watters
Plaintiff's Attorney: Todd A. Stubbs
Defendants' Attorneys: Engelke: Calvin Stacey/ Dry Prairie: Jacqueline Papez

| Name | Manner of Presentation | Expert ?Y/N | Date of Report/ Deposition | Deposition Designation | Will Call | May Call | Objections |
|------|----------------------|-------------|---------------------------|----------------------|-----------|----------|------------|
| Robert Schmidt MT Dept Oil & Gas Plentywood, MT (406) 698.5266 | In person or video testimony | N | | | | X | |
| Joni Sherman c/o Jacqueline Papez P.O. Box 1185 Helena, MT 59624 (406)443.2211 | In person or videotaped deposition | N | February 16, 2018 | Total Deposition | | X | |
| Troy Spradley c/o Jacqueline Papez P.O. Box 1185 Helena, MT 59624 (406)443.2211 | In person or Videotaped Deposition | N | February 16, 2018 | 7:16-22; 8:18-24; 10:8-25; 11:1-13:18; 14:13-16:15; 17:2-19:15; 23:15-27:25; 30:12-35:25 | | X | |

## MID CONTINENT CASUALTY COMPANY'S WITNESS LIST/ INCLUSIVE

*Mid Continent Casualty Co., v. Alan Engelke, et al.*
CV-17-41-BLG-SPW
Honorable Susan P. Watters
Plaintiff's Attorney: Todd A. Stubbs
Defendants' Attorneys: Engelke: Calvin Stacey/ Dry Prairie: Jacqueline Papez

| Name | Manner of Presentation | Expert ?Y/N | Date of Report/ Deposition | Deposition Designation | Will Call | May Call | Objections |
|------|------------------------|-------------|----------------------------|------------------------|-----------|----------|------------|
| Erik Vandenburg c/o Todd A. Stubbs P.O. Box 169 Manhattan, MT 59741 (406)282.0515 | In person and/or live video testimony | N | | | | X | |
| Dewey Young Eklipse Resources P.O. Box 303 Fairview, MT 59221 (406) 769.2542 | In person or live video testimony | N | | | | X | |

## ENGELKE'S WITNESS LIST/ INCLUSIVE

*Mid Continent Casualty Co., v. Alan Engelke, et al.*
CV-17-41-BLG-SPW
Honorable Susan P. Watters
Plaintiff's Attorney: Todd A. Stubbs
Defendant's Attorney: Engelke: Calvin Stacey

| Name | Manner of Presentation | Expert? Y/N | Date of Report/ Deposition | Deposition Designation | Will Call | May Call | Objections |
|---|---|---|---|---|---|---|---|
| Jeff Avery c/o Todd A. Stubbs P.O. Box 169 Manhattan, MT 59741 (406)282.0515 | Videotaped Deposition Testimony | N | February 16, 2018 | Total Deposition, excluding excerpts: 46:15-47:7. | X | | |
| George Chahalis c/o Todd A. Stubbs P.O. Box 169 Manhattan, MT 59741 (406)282.0515 | In person | N | | | X | | |
| Alan Engelke | In person or Videotaped Deposition Testimony | N | February 16, 2018 | Entire Deposition | X | | |
| Joseph Picard 4944 Rd. 1006 Bainville, MT 59212 | In person or Videotaped Deposition Testimony | N | February 16, 2018 | Total Deposition | X | | Rule 402 and 403, Fed.R.Civ.P |

## PLAINTIFF'S EXHIBITS- WILL OFFER

Case Name:        Mid Continent Casualty Co., v. Alan Engelke, et al.
Case Number:    CV-17-41-BLG-SPW

| # | Description | Δ's Objections | Date Offered | Date Reserved | Date Admitted | Date Refused/ Withdrawn |
|---|---|---|---|---|---|---|
| 2 | Montana 811 Ticket (Depo. Ex. 2) | No Objection | | | | |
| 3 | Engelke Statement (Depo. Ex. 3) | No Objection | | | | |
| 5 | Google Earth Map (Depo. Ex. 5) | No Objection | | | | |
| 6 | Contract for Purchase & Sale (Depo. Ex. 6) | No Objection | | | | |
| 7 | Disposal Well Agreement (Depo. Ex. 7) | No Objection | | | | |
| 8 | Bill of Sale (Depo. Ex. 8) | No Objection | | | | |
| 9 | Assignment of Assets (Depo. Ex. 9) | No Objection | | | | |
| 10 | Montana Board of Gas Notice of Intent to Change Operator (Depo. Ex. 10) | No Objection | | | | |

1

## PLAINTIFF'S EXHIBITS- WILL OFFER

Case Name:      Mid Continent Casualty Co., v. Alan Engelke, et al.
Case Number:    CV-17-41-BLG-SPW

| # | Description | Δ's Objections | Date Offered | Date Reserved | Date Admitted | Date Refused/ Withdrawn |
|---|---|---|---|---|---|---|
| 11 | Montana Board of Gas Notice of Intent to Change Operator (Depo. Ex. 11) | No Objection | | | | |
| 12 | Montana Board of Gas Notice of Intent To Change Operator (Depo. Ex. 12) | No Objection | | | | |
| 13 | Eklipse Resource, LLC, Invoices P001-010 (Depo. Ex. 13) | No Objection | | | | |
| 14 | Haakan Jorgenson Check (Depo. Ex. 14) | No Objection | | | | |
| 15 | Plaintiff's Resp to DP's 1st Disc. Req. (Depo. Ex. 15) | No Objection | | | | |
| 16 | Google Map (Depo. Ex. 16) | No Objection | | | | |
| 17 | Crowley Fleck Letter (Depo. Ex. 17) | No Objection | | | | |

# PLAINTIFF'S EXHIBITS- WILL OFFER

Case Name:      Mid Continent Casualty Co., v. Alan Engelke, et al.
Case Number:   CV-17-41-BLG-SPW

| # | Description | Δ's Objections | Date Offered | Date Reserved | Date Admitted | Date Refused/ Withdrawn |
|---|---|---|---|---|---|---|
| 19 | Contract For Purchase (Depo. Ex. 19) | No Objection | | | | |
| 21 | Ownership Encumbrance Report (Depo. Ex. 21) | No Objection | | | | |
| 22 | Affidavit of Pipeline Easement (Depo. Ex. 22) | No Objection | | | | |
| 23 | Google Map (Depo. Ex. 23) | No Objection | | | | |
| 24 | Google Earth Map (Depo. Ex. 24) | No Objection | | | | |
| 25 | Mid Continent Payment Voucher P-066 | No Objection | | | | |
| 26 | Mid Continent Payment Voucher P-067 | No Objection | | | | |
| 27 | Mid Continent Payment Voucher P-068 | Rule 402; Not recoverable | | | | |
| 28 | CIA Custard Invoice P-069 | Rule 402; Not recoverable | | | | |

3

# PLAINTIFF'S EXHIBITS- WILL OFFER

Case Name:      Mid Continent Casualty Co., v. Alan Engelke, et al.
Case Number:    CV-17-41-BLG-SPW

| # | Description | Δ's Objections | Date Offered | Date Reserved | Date Admitted | Date Refused/ Withdrawn |
|---|---|---|---|---|---|---|
| 29 | Mid Continent Payment Voucher P-070 | Rule 402; Not recoverable | | | | |
| 30 | Fox Hollow Invoice P-071 | Rule 402; Not recoverable | | | | |
| 31 | Mid Continent Payment Voucher P-072 | Rule 402; Not recoverable | | | | |
| 32 | Fox Hollow Invoice P-073 | Rule 402; Not recoverable | | | | |
| 33 | Mid Continent Payment Voucher P-074 | Rule 402; Not recoverable | | | | |
| 34 | Photo-P-075 Oil Signs | Rule 402 and 403 | | | | |

4

## PLAINTIFF'S EXHIBITS- MAY OFFER

Case Name:     Mid Continent Casualty Co., v. Alan Engelke, et al.
Case Number:   CV-17-41-BLG-SPW

| # | Description | Δ's Objections | Date Offered | Date Reserved | Date Admitted | Date Refused/ Withdrawn |
|---|---|---|---|---|---|---|
| 35 | Photo- P-076 Anvil spill downstream from Culvert | No Objection | | | | |
| 36 | Phot-P-078 Anvil spill from top | No Objection | | | | |
| 37 | Photo- P-079 Anvil spill by pipe | No Objection | | | | |
| 38 | Photo-P-077 Anvil spill from bottom | No Objection | | | | |
| 39 | Photo-P-080 Anvil spill | No Objection | | | | |
| 40 | Photo- P-081 Anvil spill at pipe | No Objection | | | | |
| 41 | Photo- P-083 Anvil Spill Photo | No Objection | | | | |
| | Rebuttal Exhibits | | | | | |
| | Impeachment Exhibits | | | | | |
| | Any Other Admitted Exhibits | | | | | |

## DEFENDANT'S EXHIBITS- MAY OFFER

Case Name:     Mid Continent Casualty Co., v. Alan Engelke, et al.
Case Number:   CV-17-41-BLG-SPW

| # | Description | Δ's Objections | Date Offered | Date Reserved | Date Admitted | Date Refused/ Withdrawn |
|---|---|---|---|---|---|---|
| 50 | Engelke's Dry Prairie Statements (DP003-069) | Objection-402 | | | | |